THE TERRITORY OF OKLAHOMA *on the relation of* A. H. HUSTON, *County Attorney,* v. LOUIS E. PITTS.

CLERKS DISTRICT COURT—*Fees.*  The legislative assembly of the Territory has no power to enact laws regulating the compensation and fees of clerks of the Territorial courts, since by the laws of congress and the rules and regulations of the department such clerks are required to account for all fees earned by them of whatever nature to the treasury of the United States. (*Pitts v. Territory*, reported in this volume, followed.)

### *Original Proceeding in Mandamus.*

Action in *mandamus* on the relation of A. H. Huston, county attorney, filed in the supreme court April 15, 1895. Alternative writ awarded same date, returnable to the supreme court at the June term. Case submitted on briefs and oral argument. The facts are stated in the opinion. Peremptory writ denied.

*A. H. Huston, County Attorney,* for the territory.

*Asp, Shartel & Cottingham,* for respondent.

The opinion of the court was delivered by

SCOTT, J.: This is an original proceeding in *mandamus* filed in this court on the 15th day of April, 1895, on the relation of A. H. Huston, county attorney of Logan county, to compel Louis E. Pitts, clerk of the district court of Logan county, to pay into the county treas

ury of said Logan county, certain fees earned by him as such clerk. The petition alleges:

"Your relator, A. H. Huston, shows to the court that he is the duly elected, qualified and acting county attorney of the county of Logan, and Territory of Oklahoma; that the defendant, Louis E. Pitts, is the duly appointed, qualified and acting clerk of the district court of the county of Logan, and Territory of Oklahoma.

"That as such clerk the said Louis E. Pitts from and after the 8th day of March, A. D. 1895, to and including the 31st day of March, A. D. 1895, collected in fees as clerk of such district court in civil cases the sum of sixty-five dollars ($65); that it was the duty of the said Louis E. Pitts, and is the duty of the said Louis E. Pitts as such clerk, to pay over to the county treasurer of the county of Logan, and Territory of Oklahoma, under and by virtue of the provisions of the act of the territorial legislature of the Territory of Oklahoma, approved March 8, 1895, being entitled, 'An Act With Relation to Fees and Salaries,' all in excess of the said sum so collected over and above the sum of thirty dollars and eighty cents ($30.80), the same being the ratable proportion which the said Louis E. Pitts was authorized, by the provisions of said act, to retain for the portion of the unexpired quarter ending March 31, 1895, after the taking effect of said law as aforesaid. The said Louis E. Pitts, notwithstanding his duty in the premises and his duty to file an account and statement with the board of county commissioners of the amount of his fees so collected in civil cases and to return the excess thereof to the board of county commissioners, has failed, neglected and refused, upon demand thereunto made upon him so to do, either to file his said account or pay into the county treasury of said county the said sum of twenty-four dollars and twenty cents, being the excess of fees collected in civil cases over and above the amount allowed by law to be retained by him.

"That your relator has been directed by the board of county commissioners of said county to prosecute this action to compel the said Louis E. Pitts to file

the said statement of his said account as aforesaid and to pay over the excess thereof into the county treasury of the said county.

"That your relator is without any other remedy than proceedings upon *mandamus* and that your relator has no adequate remedy from the ordinary proceedings at law to compel the performance of the said act so as aforesaid, imposed upon the said Louis E. Pitts by law.

"Wherefore, your relator prays that an alternative writ of *mandamus* may issue in this cause, returnable according to law, and that upon final hearing hereof he have judgment awarding a peremptory writ of *mandamns* in said cause to compel the doing of the acts refused by the said defendant."

On the same day, said petition was presented to Chief Justice Dale, and an alternative writ was awarded, commanding said Louis E. Pitts, the respondent, to do and perform forthwith the acts complained of, or, on the 3d day of June, 1895, before the supreme court of said territory, show cause why a peremptory writ of *mandamus* should not issue to compel him to do so.

The same question therefore is involved in this case as presented in the case of *Pitts v. Logan County*, decided by this court heretofore, except in that case the clerk had instituted suit against Logan county, for fees earned by him, and in this case the county of Logan institutes this proceeding to compel the clerk to pay into the county treasury certain fees alleged to be due under the same act of the legislative assembly. The clerk in this case, as in that one, denies the authority of the legislative assembly to prescribe his fees, claiming under the Organic Act and Federal Fee bill that his fees are fixed by a superior authority. The question was very fully discussed in *Pitts v. Logan County*, *supra*, and we there held to this view: That the clerk was accountable to the United States for all the

fees earned by him, and acting in pursuance of these laws the acts of the legislature were *ultra vires* as beyond the prescribed limits of legislative power. The principle involved in that case is applicable here, and the reasoning supporting our views there will support the same doctrine here.

The peremptory writ will therefore be denied.

By the court:    It is so ordered.

Bierer, J., and McAtee, J., concurring ; Dale. C. J.. and Burford, J., dissenting.